ORDERED.

Dated: October 07, 2019

*Cynthia C. Jackson*
Cynthia C. Jackson
United States Bankruptcy Judge

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:                                              CASE NO: 6:19-bk-04641-CCJ
                                                    CHAPTER 7
ALEXIS IDILIO CAMACHO,

    Debtor
_____/

### AGREED ORDER GRANTING SUNTRUST BANK'S
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (Re: 146 Harlon Court, Raeford, NC 28376)
(*Cancels Hearing Scheduled for October 16, 2019 at 1:45 PM*)

**THIS CASE** came on for consideration of the *Motion for Relief from the Automatic Stay* (Doc. 14) filed by SunTrust Bank (the "Motion"), its successors and assigns and Trustee's Response (Doc. 18). SunTrust Bank and the Trustee having agreed to the entry of this order, and the Court being otherwise duly advised in the premises, it is:

**ORDERED:**

1.   The Motion (Doc. 14) is GRANTED subject to the following provisions:

2.   The automatic stay arising by reason of 11 U.S.C. § 362 of the Bankruptcy Code is terminated effective one hundred twenty (120) days from the date of this order to allow the Trustee to sell the subject Property as to Secured Creditor, its successors and assign's interest in

the real property located at 146 Harlon Court, Raeford, NC 28376 (the "Property"), which is legally described as:

> **Westgate_ Being all of Lot 360, in a subdivision known as The Oaks at Section 2, according to a plat of the same being duly recorded in Plat Cabinet 3, Slide 3-38, Map 5, Hoke County Registry, North Carolina.**

3. The automatic stay is modified for the sole purpose of allowing the Secured Creditor, its successors and assigns, to complete *in rem* relief, to take any and all steps necessary to exercise any rights it may have in the property, to gain possession of the property, and to have *in rem* relief in accordance with non-bankruptcy law. Secured Creditor, its successors and assigns, does not have *in personam* relief against the Debtor.

4. Any communication by Secured Creditor, its successors and/or assigns, in connection with proceeding against the Property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential forbearance agreement, loan modification, refinance agreement, loss mitigation agreement or other loan workout, may be sent directly to the Debtor.

5. Relief from the automatic stay is effective one hundred twenty (120) days from the date of this Order. Upon termination of the one hundred twenty (120) day period, the automatic stay will terminate without need for further court order or hearing.

6. The hearing scheduled for October 16, 2019 at 1:45 P.M. on Secured Creditor's Motion for Relief from the Automatic Stay (Doc. 14) is cancelled.

Attorney Patrick Hruby is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.